UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Crim. No. 6:12-CR-00013-GFVT-HAI |
| V. | ) ) | |
| MABLE ASHLEY JENKINS, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 106.] Defendant Mable Ashley Jenkins has been charged with four violations of her terms of supervised release. *Id.*

In July 2013, Ms. Jenkins plead guilty to and was convicted of aiding and abetting kidnapping, in violation of 18 U.S.C. §§ 2 and 1201(a)(1), and aiding and abetting willful bodily injury because of sexual orientation, in violation of 18 U.S.C. §§ 2 and 249(a)(2). [R. 72.] She was sentenced to 100 months of imprisonment followed by three years of supervised release. Ms. Jenkins began her first term of supervised release on September 16, 2019.

Judge Ingram's Recommended Disposition more thoroughly explains the background of the alleged violations, but an overview will be given here. Ms. Jenkins is, all told, charged with four violations of her supervised release by way of two violation reports and an addendum to the first report.

The first Violation Report (the First Report), issued September 25, 2019, charged Ms. Jenkins with (1) unlawful use of a controlled substance and (2) possession of a controlled

substance. Specifically, Ms. Jenkins tested positive for use of buprenorphine. These are Grade C violations. Ms. Jenkins appeared before Judge Ingram for her initial appearance on October 16, 2019, and a final hearing was scheduled for October 21, 2019.

The day of Ms. Jenkins's final hearing, the United States Probation Office (USPO) issued an Addendum to the First Report charging a third violation: violation of the condition that forbids Ms. Jenkins from associating any person convicted of a felony without the probation officer's permission. Probation issued the Addendum upon learning that, on September 17, 2019, Ms. Jenkins married Freddie Minton, a convicted felon currently on supervised release in case 6:13-cr-47-GFVT-17, without prior approval from probation. Ms. Jenkins's final hearing was converted into an initial appearance on the Addendum and a final hearing was reset for October 24, 2019. The Court granted the parties' joint request that Ms. Jenkins be allowed to immediately enter inpatient drug treatment.

Ms. Jenkins entered Chrysalis House on November 13, 2019, but unfortunately did not complete the program. USPO issued a second Violation Report (the Second Report) on November 27, 2019, alleging violation of the condition that requires Ms. Jenkins to follow the instructions of her probation officer. Chrysalis House terminated Ms. Jenkins from its program for failing to comply with facility rules. Thus, Ms. Jenkins violated probation's instruction to complete inpatient treatment. This is a Grade C violation.

Ms. Jenkins again appeared before Judge Ingram for an initial appearance on the Second Report pursuant to Rule 32.1. [R. 102.] The United States made an oral motion for detention, and Ms. Jenkins did not argue for release. Ms. Jenkins was detained pursuant to 18 U.S.C. § 3143(a). The Court scheduled a final hearing for December 6, 2019. At her final hearing, Ms. Jenkins knowingly, voluntarily, and intelligently stipulated to the violations alleged in the First

Report, the Addendum, and the Second Report. Subsequently, Judge Ingram prepared a recommended disposition.

With a criminal history category of I and a Grade C[1] violation, Ms. Jenkins's range under the Revocation Table of Chapter 7 is three to nine months. The Court may also reimpose supervised release following revocation. Ms. Jenkins's original conviction carries a maximum term of supervised release of five years, less any term of incarceration imposed on revocation. *See* 18 U.S.C. § 3583(b). At the final hearing, counsel for the government argued for revocation in the mid- to high-guidelines range, followed by a "significant" period of supervised release. In contrast, defense counsel argued for leniency. The defense argues that as a result of early drug use, Ms. Jenkins is essentially operating at the level of a teenager, and that "addiction has stunted her brain." The defense argued that she was not a danger to society because she was removed from Chrysalis house for smoking a vape, having a cellphone, and writing a "silly letter." Ultimately, the defense requested incarceration for a period of no more than three months.

Taking the parties' positions under advisement, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. *Id.* As an initial matter, Judge Ingram noted that revocation was mandatory in this case.

First, Judge Ingram considered the nature and circumstances of the underlying offense. Ms. Jenkins's underlying conviction is for a violent crime. She participated in targeting an acquittance for a brutal beating because of his sexual orientation. Although her guidelines range was 188 to 235 months, Ms. Jenkins was sentenced to just 100 months incarceration. Judge Ingram noted that prior leniency can be a basis for later upward departure. U.S.S.G. § 7B1.4,

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

note 4.

Judge Ingram also considered the history and characteristics of the defendant. Ms. Jenkins was only fifteen when she began using drugs, nineteen when she was convicted of the underlying offense, and twenty when she was sentenced. Although "drugs ended up taking the reins of her life," Ms. Jenkins was not successful during inpatient treatment. Further, she can be come violent when on drugs. Thus, Judge Ingram found a need to deter future bad conduct and protect the public, as well as a need for additional outpatient treatment. Ultimately, Judge Ingram recommended a within-guidelines sentence of seven months, followed by fifty-three months of supervised release, the maximum period allowable. As even the defense admits, Ms. Jenkins "screwed up on day two, got married on day 30, and kicked out of rehab on day 60." [R. 105 at 8.] Judge Ingram believed, and this Court agrees, that a lengthy period of supervision is necessary "to protect society in case [Ms. Jenkins] continues to show herself incapable of comply with basic rules." [R. 105 at 8.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Ms. Jenkins has filed a waiver of allocution. [R. 107]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and

recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 105**] as to Defendant Mable Ashley Jenkins is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Jenkins is found **GUILTY** of all four violations;

3. Ms. Jenkins's Supervised Release is **REVOKED;**

4. Ms. Jenkins is hereby **SENTENCED** to a **term of incarceration of seven (7) months**, to be followed by **fifty-three (53) months of supervised release** under the conditions previously imposed;

5. The Allocution hearing, currently set for Monday, January 27, 2020 is **CANCELLED**; and

6. Judgment shall enter promptly.

This the 9th day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge