UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>    Plaintiff,  )<br>  )<br>V.  )<br>  )<br>MABLE ASHLEY JENKINS,  )<br>  )<br>    Defendant.  )<br>  ) | Crim. No.: 6:12-CR-00013-GFVT-HAI<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 122.] Defendant Mable Ashley Jenkins has been charged with four violations of her supervised release. This is her second revocation. *Id.* In July 2013, Ms. Jenkins was sentenced to one hundred months of imprisonment, followed by a three-year term of supervised release, upon her guilty plea to aiding and abetting kidnapping and aiding and abetting the willful bodily injury of another because of sexual orientation. [R. 72.]

In September 2019, the United States Probation Office charged Ms. Jenkins with two violations of her term of supervision. [R. 122 at 1-2.] First, Ms. Jenkins was charged with submitting a urine sample that tested positive for buprenorphine. *Id.* at 2. Second, Ms. Jenkins was charged with illegally possessing a controlled substance. *Id.* In October 2019, the USPO issued an addendum charging a third violation after Ms. Jenkins married Freddie Minton, a convicted felon, in violation of the special conditions of her supervised release. *Id.* At a hearing on the three violations, the parties announced a jointly recommended resolution: "that the government intended to dismiss the first two violations, Defendant intended to admit the third violation (associating with a felon), and Defendant should be allowed to go immediately into

impatient drug rehab." *Id*. The Court granted the request and Ms. Jenkins was ordered to enroll in and complete an inpatient drug treatment. *Id*. Soon after, Ms. Jenkins was charged with a fourth violation after she was discharged from her inpatient treatment program for failure to follow the rules. *Id*. Ms. Jenkins subsequently admitted to all four violations and was sentenced to seven months of incarceration, followed by fifty-three months of supervised release. *Id*. Ms. Jenkins was released again on May 28, 2020. *Id.*

On April 12, 2021, the USPO issued a new Supervised Release Violation Report. *Id.* at 3. The report first alleges Grade B and C violations because Ms. Jenkins submitted a urine sample that tested positive for marijuana and methamphetamine. [R. 122.] The second and third violations charge Ms. Jenkins with Grade C violations for violating state law and unlawfully possessing a controlled substance. *Id.* On April 19, pursuant to an arrest warrant issued for the first three violations, the U.S. Marshals made contact with Ms. Jenkins, who fled in a vehicle. *Id.* at 4. Because Ms. Jenkins fled from law enforcement, she is also charged with a Grade B violation for committing a state crime. *Id.* On April 22, Ms. Jenkins appeared before Judge Ingram for her initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. *Id.* At the hearing, the Government moved for interim detention; Ms. Jenkins did not oppose this motion. *Id.* An initial appearance was held as to Ms. Jenkins's fourth violation on April 29. *Id.*

On May 21, Judge Ingram held a final hearing on the four alleged violations from the Report and Addendum. *Id.* As to her first three violations, Ms. Jenkins agreed to enter a full stipulation. As to her fourth violation, however, Ms. Jenkins requested to enter an *Alford* plea because, although she did not wish to fully admit to the conduct, she was concerned that the Government might bring fleeing and evading charges in the future. *Id.* at 5. Consequently, Ms. Jenkins competently entered a knowing, voluntary, and intelligent stipulation to each violation.

To calculate his recommended sentence, Judge Ingram considered the relevant 18 U.S.C. § 3583 factors alongside Policy Statements of the United States Sentencing Guidelines. *Id.* At the final hearing, the government requested an above-Guidelines revocation penalty of twelve months, followed by two years of supervised release. *Id.* In support, the Government noted that, despite receiving outpatient drug abuse treatment and mental health counseling while on supervised release, Ms. Jenkins began to again use methamphetamine and that her attempt to evade capture by fleeing in a vehicle seriously endangered the public. *Id.* In response, the Defense noted that Ms. Jenkins "had been 'behind the 8-ball' since childhood," and that "communicating with [Jenkins] feels like talking to a child. She continues to make 'juvenile' and 'idiotic' decisions." *Id.* at 7. In further support of a lesser sentence, the Defense argued that Ms. Jenkins has a job waiting for her in Tennessee and has a three-month-old child. *Id.* Ultimately, Ms. Jenkins requested ten months of imprisonment, followed by two years of supervised release. *Id.* After weighing both arguments, Judge Ingram concluded that Ms. Jenkins's severe breaches of the Court's trust warrant an above-Guidelines sentence. *Id.* Moreover, Judge Ingram concluded that a longer period of supervised release is warranted and recommended twelve months of revocation, followed by the maximum possible forty-one months of supervised release. [R. 122 at 6.]

In determining appropriate revocation sentences, Courts are to consider all of the statutory factors under 18 U.S.C. § 3583(e) in conjunction with the Guidelines range. *Id.* In his Report, Judge Ingram indicates that, because Ms. Jenkins possessed a controlled substance, revocation is mandated by statute. *See* 18 U.S.C. § 3583(g)(1). Even if revocation was not mandated, however, Judge Ingram states that it would still be appropriate considering the nature of Ms. Jenkins's violations. [R. 122 at 8.] In arriving at his recommended disposition, Judge

3

Ingram assessed the circumstances of Ms. Jenkins's original conviction, her history and the need to protect the public, the potential need for additional treatment, her breach of the Court's trust, and the need to avoid unnecessary sentencing disparities. *Id.* at 8-9. Upon review, the Court agrees with this recommendation and echoes Judge Ingram's assessment that Ms. Jenkins must be given a clear message that she must turn her life around for the sake of her family and future.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advised the parties that objections must be filed within fourteen (14) days of service. *Id* at 10; *see* 28 U.S.C. § 636(b)(1). Ms. Jenkins has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on May 24, 2021. [R. 123.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). However, when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 987 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 122]** as to Defendant Mable Ashley Jenkins is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Jenkins is found **GUILTY** of all violations;

3. Ms. Jenkins's Supervised Release is **REVOKED**;

4

4. Ms. Jenkins is hereby **SENTENCED** to a term of incarceration of twelve months;

5. Ms. Jenkins's supervision term is re-imposed for a period of forty-one months under the same conditions previously imposed;

6. Judgment shall enter promptly.

This the 8th day of June, 2021.

Gregory F. Van Tatenhove
United States District Judge