UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:12-cr-00013-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | |
| MABLE ASHLEY JENKINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 134.] Defendant Mable Jenkins has been charged with violations of her supervised release. In July 2013, Ms. Jenkins was sentenced to 100 months of imprisonment, to be followed by three years of supervised release, after pleading guilty to aiding and abetting kidnapping and aiding and abetting willful bodily injury because of sexual orientation. [R. 72.] Between September 2019 and April 2021, Ms. Jenkins committed several violations of the conditions of her supervised release. [R. 134 at 2-3.] These violations were first met with leniency, and then led to her serving additional terms of incarceration. *See id.*

Now, stemming from multiple alleged violations that occurred in May 2022, Ms. Jenkins is charged with violating two terms of her supervised release. *Id.* at 3-5. First, Ms. Jenkins is charged with a Grade C violation for committing a federal, state, or local crime by committing several traffic violations, operating a motor vehicle under the influence of a substance, and for being arrested in a car that had methamphetamine and marijuana "in the back seat floor in between two juveniles." *Id.* at 4. Second, Ms. Jenkins is charged with committing a Grade C

violation for knowingly leaving the federal judicial district where she was authorized to reside without first getting permission from her probation officer. *Id.*

On June 10, Ms. Jenkins appeared before Magistrate Judge Edward B. Atkins for her initial appearance, pursuant to Federal Rule of Criminal Procedure 32.1. [R. 131.] During the hearing, the United States made an oral motion for detention and Ms. Jenkins did not argue for release. [R. 134 at 5.] Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Atkins remanded Ms. Jenkins to the custody of the United States Marshal. *Id.* On June 21, 2022, Ms. Jenkins appeared before Magistrate Judge Hanly A. Ingram for her final revocation hearing. [R. 133.] There, Ms. Jenkins stipulated to having committed both charged Violations. [R. 134 at 5.] Upon review, Judge Ingram found Ms. Jenkins to have entered a "knowing, voluntary, and intelligent stipulation" to both Violations. *Id.*

At the final hearing, the Government requested "an above-Guidelines revocation penalty of 18 months with no supervision to follow." *Id.* at 6. In support, the Government argued that "something well above the Guidelines Range is warranted on a third revocation" and that "she has not rewarded the trust the Court has placed in her or the efforts to rehabilitate her drug addiction." *Id.* at 7. In opposition, the defense "agreed with the [G]overnment's argument for no further supervision" but argued that she poses no danger of committing her original offense of kidnapping again and, instead, only struggles with drug addiction. *See id.* Consequently, the defense requested "twelve months with no supervision to follow." *Id.* at 6. After hearing both arguments, Judge Ingram evaluated the entire record and considered all of the Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation, a sentence of fourteen months of incarceration, and no term of supervision to follow. *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 11; *see* 28 U.S.C. § 636(b)(1). Ms. Jenkins has not filed any objections to Judge Ingram's Report and Recommendation and filed a waiver of allocution on June 27, 2022. [R. 135.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [R. 134] as to Defendant Mable Jenkins is **ADOPTED** as and for the Opinion of the Court;
2. Ms. Jenkins is adjudged **GUILTY** of Violations #1 and #2;
3. Ms. Jenkins's current term of supervised release is **REVOKED** and she is **SENTENCED** to a term of incarceration of fourteen months with no additional term of supervised release to follow;
4. Judgment shall enter promptly.

This the 11th day of July, 2022.

Gregory F. Van Tatenhove
United States District Judge

4