UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:12-cr-00013-GFVT-HAI-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| MABLE ASHLEY JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly Ingram. [R. 161.] In 2013, the Court sentenced Defendant Mable Jenkins to 100 months of imprisonment followed by three years of supervised release after she pled guilty to aiding and abetting kidnapping and aiding and abetting willful bodily injury because of sexual orientation. *Id.* at 1. The United States Probation Office charges Ms. Jenkins with a Grade C violation of her supervised release conditions. *Id.* at 5.

In January 2023, the Court granted Ms. Jenkins compassionate release from a term of incarceration imposed due to previous supervised release violations. [R. 154.] Simultaneously, the Court imposed a new term of supervised release and required Ms. Jenkins to attend and comply with the requirements of an inpatient drug treatment program. *Id.* According to U.S. Probation, the program discharged her after she threatened another patient. [R. 161 at 5.]

Ms. Jenkins appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 159.] During the hearing, Ms. Jenkins competently, knowingly, voluntarily, and intelligently waived her rights to a preliminary hearing. *Id.* On May

1, 2023, Ms. Jenkins appeared before Judge Ingram for her final hearing. [R. 160.] As Judge Ingram found, Ms. Jenkins "competently, knowingly, voluntarily, and intelligently" stipulated to the Grade C violation. *Id.*

After hearing the parties' arguments, Judge Ingram issued a Report and Recommendation in which he evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. [R. 161.] Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 11; *see* 28 U.S.C. § 636(b)(1).

More than fourteen days have passed and no one has objected to the Report and Recommendation. Moreover, Ms. Jenkins waived her right to allocution. [R. 162.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation **[R. 161]** is **ADOPTED** as and for the Opinion of the Court;

2

2. Ms. Jenkins is found **GUILTY** of Violation #1;

3. Ms. Jenkins's supervised release is **REVOKED**;

4. Ms. Jenkins is **SENTENCED** to a term of incarceration of twelve (12) months with no supervised release to follow;

5. The Court recommends that the Bureau of Prisons evaluate Ms. Jenkins for the MINT program, should she be pregnant;

6. The Court recommends that the BOP place Ms. Jenkins in a facility adequate to treat her medical needs, including her potential pregnancy; and,

7. Judgment shall enter promptly.

This the 23rd day of May 2023.

Gregory F. Van Tatenhove
United States District Judge